NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD THOMAS, | No.  18-16640 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00121-RLP |
| v. | |
| THOMAS W. HARKER, Acting Secretary, Department of the Navy, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Richard L. Puglisi, Magistrate Judge, Presiding

Submitted July 8, 2021[**]
Honolulu, Hawaii

Before:  NGUYEN, OWENS, and FRIEDLAND, Circuit Judges.

Clifford Thomas appeals the district court's order granting summary

judgment to the Secretary of the Navy (the "Navy")[1] on Thomas's Title VII

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1] At the time of the district court's order, Richard V. Spencer was Secretary of the Navy and named defendant in this case.

discrimination, retaliation, and hostile work environment claims. We have jurisdiction under 28 U.S.C. § 1291, and, reviewing de novo, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), we affirm.

1.     We apply the burden-shifting analysis in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), when considering Thomas's claim of disparate treatment and retaliation under Title VII. *See Freyd v. Univ. of Or.*, 990 F.3d 1211, 1228 (9th Cir. 2021) (disparate treatment); *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1066 (9th Cir. 2003) (retaliation). Under this framework, the plaintiff must first make a prima facie claim of discrimination or retaliation. *McDonnell Douglas*, 411 U.S. at 802. Next, the defendant must articulate a "legitimate, nondiscriminatory reason" for their action. *Id.* Finally, the plaintiff must show that the defendant's proffered reason was pretextual. *Id.* at 804.

Thomas argues that his $300 performance award in 2014; his temporary reassignment to the Office of the Product Line Coordinator; his subsequent reassignment to the Wastewater Treatment Plant; his non-selection for two supervisory positions; and the Navy's failure to provide him with boiler inspector training were discriminatory and retaliatory.

The district court correctly concluded that Thomas failed to establish a prima facie case of discrimination or retaliation as to his $300 performance award because he was not similarly situated to those who received a $500 award. *See*

2

*Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (among other things, to establish a prima facie case of disparate treatment, a plaintiff must show that "similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination"). Thomas presented no evidence that he and the other employees "display[ed] similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). He also failed to point to any facts showing a causal link between his Equal Employment Opportunity Commission ("EEOC") activity and the performance award. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 891 (9th Cir. 1994) (a prima facie case of retaliation requires showing, among other things, that "a causal link exists between the protected activity and the adverse employment action").

As to the remaining alleged adverse employment actions, we agree with the district court that, even assuming Thomas made a prima facie case of discrimination or retaliation, the Navy articulated a legitimate, nondiscriminatory reason for each action, and Thomas failed to show that the Navy's proffered reason was pretextual.

The Navy explained that it first reassigned Thomas to the Office of the Product Line Coordinator to "create a safe environment" and provide "a cooling off period" after nine of Thomas's supervisees complained that he was creating a

3

hostile work environment. After an investigation substantiated many of the complaints, the Navy determined that Thomas could not return to his supervisory role. It then assigned Thomas to the Wastewater Treatment Plant because the Plant was shorthanded, and Thomas had experience maintaining and repairing boilers.

Thomas failed to show that the Navy's explanation for either reassignment was pretextual. Even if the investigative report was unreliable and the accusations against him were false, there is no indication that the Navy did not honestly believe reassignment was warranted given the accusations and report. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) ("In judging whether [the] proffered justifications were 'false,' it is not important whether they were *objectively* false . . . . Rather, courts 'only require that an employer honestly believed its reason for its actions, even if its reason is "foolish or trivial or even baseless."'" (quoting *Johnson v. Nordstrom, Inc.*, 260 F.3d 727, 733 (7th Cir. 2001))). And even though better treatment of similarly situated employees is "probative of pretext," *Vasquez*, 349 F.3d at 641, Thomas failed to establish that the two white supervisors subject to investigation contemporaneously with Thomas were similarly situated. There is no evidence that the other supervisors' conduct was similar to his and, to the contrary, it appears that the other supervisors were accused of mismanagement and fraud, not of creating a hostile work environment. Thomas's other arguments—that the Navy failed to promptly inform him of the

4

complaints against him; that a Navy attorney told him command "was actively seeking his removal"; that the Navy gave inconsistent explanations for his reassignment; and that his supervisees failed to follow union grievance policy—do not show that the Navy's explanation was "unworthy of credence" or that unlawful discrimination more likely motivated the Navy. *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000) (quoting *Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998)).

Thomas also failed to demonstrate that the Navy assigned him to the Wastewater Treatment Plant without taking his medical conditions into account. Thomas's medical examinations each found him physically qualified to work at the Plant. Even assuming Thomas was not medically qualified, as he asserts, there is no evidence the Navy did not honestly believe he was qualified based on his examination results. *See Villiarimo*, 281 F.3d at 1063.

Thomas likewise failed to show that the Navy's proffered reasons for choosing not to hire him for two positions were pretextual. The selecting panels recommended others for the positions based on a resume review and, in one case, an interview, and Thomas conceded that he had no evidence that anyone involved in the hiring decisions had retaliatory or discriminatory intent.

We also agree with the district court that Thomas failed to show that the Navy's proffered reason for failing to provide him with boiler inspector training

5

was pretextual. The Navy asserted that it did not provide this training because Thomas never requested it, and, on one occasion, declined the opportunity for training.[2]

We therefore affirm summary judgment as to each of Thomas's discrimination and retaliation claims.

2. To establish a prima facie hostile work environment claim, a plaintiff must show "(1) the defendants subjected [him] to verbal or physical conduct based on [his protected characteristic]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).

Thomas presented no evidence that the Navy failed to take remedial action against his co-workers based on his EEOC activity or that his three co-workers asked him about his reassignment based on that same activity. He also failed to

---

[2] Thomas filed a declaration with his memorandum in opposition to summary judgment asserting that he "did make a training request," which contradicts his prior deposition testimony that he "never asked anybody to go to boiler supervisor school." A self-serving declaration contradicting earlier deposition testimony does not create a genuine dispute of fact. *Block v. City of Los Angeles*, 253 F.3d 410, 419 n.2 (9th Cir. 2001) ("A party cannot create a genuine issue of material fact to survive summary judgment by contradicting his earlier version of the facts."). But even assuming that the Navy denied a request for training, there is still no evidence from which a jury could determine that the Navy was motivated by discrimination or retaliation.

show that the fact that his supervisor mentioned his EEOC activity was sufficiently severe or pervasive to create a hostile work environment. He therefore failed to prove a prima facie hostile work environment claim. *See id.* And because Thomas failed to establish the Navy's discriminatory or retaliatory intent, he also failed to establish that the Navy's actions were based on his protected characteristics as necessary to state a prima facie hostile work environment claim.

**AFFIRMED.**